**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4530-17T4

KAREEM HOLDER,

     Plaintiff-Appellant,

v.

FREDDY R. ALEGRIA,
CMZ TRUCKING INC.,
LUIS RODRIGUEZ, and
DAVCO SUPPLY, INC.,

     Defendants,

and

BK FLOOR SUPPLY, INC.,

     Defendant-Respondent.

_____

Argued April 10, 2019 – Decided May 6, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0744-16.

Alan K. Albert argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Kevin E. Kruse and Alan K. Albert, on the briefs).

John A. Fearns argued the cause for respondent (Lamb Kretzer, LLC, attorneys; John A. Fearns, and Robert D. Kretzer, on the brief).

PER CURIAM

Plaintiff Kareem Holder appeals from the April 27, 2018 grant of summary judgment to defendant BK Floor Supply, Inc. Because the Law Division judge granted summary judgment before Holder was able to serve discovery on BK, ignored Holder's opposition, and ignored BK's request for oral argument, we reverse and remand.

Holder sued for damages for life-threatening personal injuries inflicted when he was walking across an intersection in the early hours of the morning. He was struck first by defendant Freddie R. Alegria, who was operating a cargo van owned by defendant CMZ Trucking, Inc. Alegria pulled over after proceeding forward some 300 feet. Defendant Luis Rodriguez drove then his car over plaintiff's recumbent body.

Holder initially sued Alegria, CMZ, and Rodriguez. After learning in discovery that Alegria had a serious motor vehicle history known to CMZ and its insurance brokers, and learning from the expert's report that the accident

2

resulted from Alegria's inattentiveness and, possibly, his failure to stop immediately to render assistance, Holder amended his complaint to add BK. BK was served November 6, 2017. Both CMZ and BK are owned by the same individual.

Holder was granted leave to file an amended complaint on October 13, 2017. At that juncture, discovery was extended to December 27, 2017, presumably to allow time for discovery to be exchanged between Holder and the additional defendant.

For reasons not clear on this record and not necessary to the resolution of this case, BK did not file a timely response, and default was entered against it. BK attempted unsuccessfully to file its answer to the amended complaint on February 20, 2018. By order dated March 6, 2018, Holder consented to the default being vacated and the filing of an answer. The order required the answer to be filed within ten days. Presumably, the answer was filed.

Some twenty days later, on March 26, 2018, BK filed a motion for summary judgment, which was opposed by Holder. BK requested oral argument. The judge made her decision in the absence of oral argument, and without giving any reasons for the grant of summary judgment. The order

3

merely recited form language in the preamble that the judge, "having considered the papers and for good cause shown[,]"dismissed all claims against BK.

Now on appeal, Holder raises the following points:

POINT I.
THE TRIAL COURT ERRED IN GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO [RULE] 4:46-2.

1. The contractor, CMZ Trucking Inc., was incompetent or unskilled to perform the job for which it was hired.

2. The harm that resulted, i.e., plaintiff be[ing] struck by CMZ's van, arose out of the incompetence of the CMZ drivers.

3. It is undeniable that Vitaly Zaretsky, the sole owner of BK Floor Supply Inc. and CMZ Trucking Inc., knew about the unqualified and incompetent CMZ employees, as well as the lack of a reasonable employee hiring plan.

POINT II.
THE TRIAL COURT ERRED IN GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT WITHOUT ORAL ARGUMENT AND WITHOUT A WRITTEN DECISION IN VIOLATION OF [RULE] 1:7-4.

POINT III.
THE TRIAL COURT ERRED BY NOT EXTENDING THE DISCOVERY PERIOD FOR [SIXTY] DAYS WHEN RESPONDENT FILED AN ANSWER, IN VIOLATION OF [RULE] 4:24-1(b).

We address Holder's second and third points only, as they are dispositive of the appeal. Rule 1:7-4(a) requires judges to render, by written or oral decision, relevant facts and conclusions of law "on every motion decided by a written order that is appealable as of right[.]" Obviously, this includes motions for summary judgment. The court's order in this case failed to provide any analysis whatsoever, in violation of the rule, thus requiring that the order be vacated and the matter reversed.

Furthermore, because of the unusual timeline in this case, Holder is entitled by rule to sixty days of discovery. On February 20, 2017, when BK attempted to file its answer despite the entry of default, the discovery period had expired two months earlier. Rule 4:24-1(b) states that when a new party is joined to a pending action, "the scheduled discovery end date shall be extended for a [sixty]-day period[.]" Thus, summary judgment is reversed, and the matter remanded. The trial court shall schedule the matter in due course, including a sixty-day discovery end date, after which either party may file a summary judgment motion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4530-17T4